UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAIME RAMIREZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>THE PERMANENTE MEDICAL GROUP (TPMG), CHRISTOPHER LEO (SUPERVISOR), SCOTT BASSI (SITE DIRECTOR), SHERRI STEGGE (HR CONSULTANT),<br><br>        Defendants. | Case No:  C 13-04137  SBA<br><br>**DISMISSAL ORDER**<br><br>Docket 5 |

On July 29, 2013, Plaintiff Jaime Ramirez ("Plaintiff"), proceeding pro se, commenced the instant action against, among others, Christopher Leo ("Defendant") in the Superior Court of California, County of Alameda.  See Compl., Dkt. 1.  On September 6, 2013, Defendant removed the action to this Court on the basis of federal question jurisdiction.  See Notice of Removal, Dkt. 1.  On September 13, 2013, Defendant filed a motion to dismiss.[1]  Dkt. 5.

Under Civil Local Rule 7-3, any opposition or statement of non-opposition to the motion was due no later than two weeks after the motion was filed.  N.D. Cal. Civ. L.R. 7-3(a).  The deadline under this rule is extended by 3 days where, as here, the motion was not served through the Court's Electronic Case Filing system and was instead served by mail pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure.  See id.  As such,

---

[1] On September 30, 2013, the action was reassigned to the undersigned.  Dkt. 12.  On the same day, Defendant renoticed his motion to dismiss for November 5, 2013.  Dkt. 13.

| | |
|---|---|
| 1 | Plaintiff's response was due by no later than September 30, 2013.  Plaintiff did not file a |
| 2 | timely response to the motion.  Thus, on November 25, 2013, the Court *sua sponte* granted |
| 3 | Plaintiff an extension of time until December 2, 2013 to file a response.  Dkt. 19.  The |
| 4 | Court warned Plaintiff that in the event he failed to timely respond to Defendant's motion, |
| 5 | the Court would dismiss this action under Rule 41(b) of the Federal Rules of Civil |
| 6 | Procedure for failure to comply with a Court Order.  Id.  To date, Plaintiff has filed nothing |
| 7 | in response to Defendant's motion to dismiss or the Court's November 25, 2013 Order. |
| 8 |       Under Rule 41(b), "the district court may dismiss an action for failure to comply |
| 9 | with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  As |
| 10 | such, the failure to file an opposition to a motion to dismiss in the manner prescribed by the |
| 11 | Court's Local Rules is grounds for dismissal.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. |
| 12 | 1995) (per curiam).  "In determining whether to dismiss a claim for failure to prosecute or |
| 13 | failure to comply with a court order, the Court must weigh the following factors: (1) the |
| 14 | public's interest in expeditious resolution of litigation; (2) the court's need to manage its |
| 15 | docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less |
| 16 | drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." |
| 17 | Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). |
| 18 |       Here, the Court finds that the above-referenced factors weigh in favor of dismissal. |
| 19 | With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation |
| 20 | always favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). |
| 21 | This is particularly true in the instant case where Plaintiff has impeded the Court's ability to |
| 22 | move this case forward by failing to respond to Defendant's motion to dismiss and by |
| 23 | failing to comply with a Court Order. |
| 24 |       The second factor also militates in favor of dismissal.  See Pagtalunan, 291 F.3d at |
| 25 | 642 ("It is incumbent upon the Court to manage its docket without being subject to routine |
| 26 | noncompliance of litigants"); Yourish, 191 F.3d at 990 (recognizing court's need to control |
| 27 | its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order |
| 28 | diverts "valuable time that [the court] could have devoted to other major and serious |

1  criminal and civil cases on its docket."). The Court cannot manage its docket if it maintains
2  cases where, as here, a Plaintiff disregards Court Orders and fails to prosecute his case.
3  The Court must devote its limited resources to cases in which the litigants are actually
4  proceeding.
5     The third factor, the risk of prejudice to the defendant, generally requires that "a
6  defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial
7  or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at
8  642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's
9  reason for defaulting." Id. Here, Plaintiff has offered no explanation for his failure to
10 respond to Defendant's motion to dismiss nor is any apparent from the record. Indeed,
11 Plaintiff has had more than two months to prepare his opposition. These facts also weigh
12 strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.
13    As for the fourth factor, the Court has already considered less drastic alternatives to
14 dismissal. The Court's Standing Orders expressly warn that as a consequence of a party's
15 failure to oppose a motion, the Court will construe such inaction as a consent to the
16 granting of the unopposed motion. In addition, the Court *sua sponte* afforded Plaintiff a
17 second opportunity to file an opposition (or statement of non-opposition) to Defendant's
18 motion to dismiss, and warned him that the failure to respond would result in the dismissal
19 of this action. "[A] district court's warning to a party that failure to obey the court's order
20 will result in dismissal can satisfy the 'consideration of [less drastic sanctions]'
21 requirement." Ferdik, 963 F.2d at 1262.
22    The final factor, which favors disposition of cases on the merits, by definition,
23 weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of
24 cases on the merits. Thus, this factor weighs against dismissal.").
25    In sum, the Court concludes that four of the five relevant factors weigh strongly in
26 favor of dismissing the action in its entirety. Pagtalunan, 291 F.3d at 643 (affirming
27 dismissal where three factors favored dismissal, while two factors weighed against
28 dismissal). Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b). The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 12/5/2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge